David A. Chami (SBN:027585)
PRICE LAW GROUP, APC.
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5587
F: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff Eugene Gabrielli*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene A. Gabrielli,<br><br>                    Plaintiff,<br><br>v.<br><br>New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Transunion, LLC<br><br>                    Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.   **FCRA, 15 USC § 1681** *et seq.* |

Plaintiff Eugene Gabrielli ("Plaintiff"), through his attorneys, alleges the following against New Penn Financial LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"); Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Transunion, LLC ("Transunion"), respectively and collectively referred to as the ("Defendants"):

**INTRODUCTION**

This is a single-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, against Defendants and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

**JURISDICTION AND VENUE**

1.   Jurisdiction of the court arises under 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in the State of Arizona; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Tempe, AZ.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Shellpoint is a ("furnisher") under 15 U.S.C. § 1681a(r)(5) with its principal place of business located at 2711 Centerville Road, Ste 400, Wilmington, DE, 19808.

7. Shellpoint can be served through its Arizona statutory agent Corporation Service Company, at its registered address located at 2338 W Royal Palm Road, Ste J, Phoenix, AZ 85021.

8. Defendant Equifax is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

9. Defendant Experian is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Defendant Transunion is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around December of 2006, Plaintiff took acquired the property located at 4019 E Saint John Road, Phoenix, AZ 85032.

13. The property is a single-family home comprised of three bedrooms, two bathrooms, and occupying 1,092 square feet.

14. Plaintiff used a first and second mortgage to acquire the property.

15. In 2008 the financial crisis hit and Plaintiff began experiencing financial difficulties.

16. In addition to his financial challenges, Plaintiff's home lost significant value and was seriously under water.

17. In or around 2011, Shellpoint foreclosed on the property.

18. On or about January 27, 2012, the trustee sold the property at auction under ARS § 33-807.

19. Because Shellpoint had sold the property by Trustee sale, Shellpoint was barred from collecting on the deficiency in any way.

20. Despite having exercised its rights to foreclose through a non-judicial action, Shellpoint continued to report to credit reporting agencies the difference between the amount obtained by sale and the amount of the indebtedness, interests, costs and expenses, ever since the property was sold.

21. On or about January 2, 2018, after discovering that Shellpoint was continuing to erroneously report a balance owed, Plaintiff sent letters to Defendants Equifax, Experian, and Transunion disputing the reporting of the debt on his credit report.

22. Upon information and belief, Defendants Equifax, Experian, and Transunion informed Shellpoint that Plaintiff was disputing the reporting on his file.

23. On or about January 24, 2018, Experian sent a reply letter to Plaintiff. Experian replied that it had "updated" the Shellpoint account, yet still reports the Shellpoint account.

24. On or about January 24, 2018, Transunion sent a reply letter to Plaintiff, in which Transunion still reports the Shellpoint account.

25. On or about January 24, 2018, Equifax sent a reply letter to Plaintiff, in which Equifax still reports the Shellpoint account.

26. Equifax, Experian, and Transunion's reporting of the above information is inaccurate.

27. Equifax, Experian and Transunion have been sued in Arizona for reporting Purchase money loans with outstanding balances after a non-judicial foreclosure.

28. Defendant's knew or had reason to know that the reporting was inaccurate.

29. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

30. Specifically, Plaintiff was deeply embarrassed when trying to buy a vehicle at a dealership, the dealership informed Plaintiff that several lenders were refusing to extend credit to Plaintiff and that Plaintiff would only be extended credit on very onerous terms compared to buyers with average credit.

31. The inaccurate reporting by Defendants has caused Plaintiff's credit file to be severely damaged.

32. Plaintiff was refused credit by several lenders when Plaintiff was attempting to finance a vehicle. Plaintiff was refused credit by SAFCO, Americredit, Capital One Auto Financing, An Ford Scottsdale, First Invest SVC/First, and Power Ford No.

33. Plaintiff was only able to buy a used Ford F-250 truck model 2008, which he uses for work, by agreeing to a subprime double-digit interest rate loan from Global Lending Service.

34. Plaintiff has suffered damages because Plaintiff cannot obtain credit which he needs.

35. Plaintiff has not been able to apply for a mortgage for a home because of the inaccurate credit reporting by Defendant.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. The FCRA requires a credit reporting agency, either after receiving notice

that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information.

38.   Defendants Equifax, Experian, and Transunion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b).

39.   Defendants Equifax, Experian, and Transunion failed to conduct a reasonable investigation under 15 U.S.C. § 1681i.

40.   Defendants Equifax, Experian, and Transunion violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's file;

   c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

   e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the other credit reporting agencies.

41.   The FCRA requires a furnisher such as Shellpoint, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting

agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

42. Defendant Shellpoint failed to conduct a reasonable investigation following receipt of no less than **three** indirect disputes under 15 U.S.C. § 1681s(2)(b).

43. Defendant Shellpoint has willfully provided inaccurate information to Defendants Equifax, Experian, and Transunion, despite Arizona's anti-deficiency statute.

44. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

45. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

46. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eugene Gabrielli respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants Shellpoint, Equifax, Experian, and Transunion violated the FCRA;

    B. Actual damages pursuant to 15 U.S.C. § 1681n(a);

    C. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

Respectfully submitted this 11th day of July of 2018.

By:*/s/ David A. Chami*
David A. Chami
*Attorneys for Plaintiff*
*Eugene Gabrielli*